PER CURIAM.
Following the supreme court’s opinion found in Jones v. State, 464 So.2d 547 (Fla.1985), the matter recurred in the trial court and a new trial was held. The appellant was again convicted although this time he did not receive a capital sentence. The defense urges error in the limitation of cross-examination of two witnesses produced by the state which the court permitted to testify as court witnesses. One of the witnesses, Adderly, had been a coperpetrator in the hijacking of the meat truck which was the underlying felony leading to the homicide. He had testified during the sentencing phase in the earlier trial and was sentenced prior to the reversal. In the instant case it was brought out to the jury that he received consideration in his sentence as a result of his prior testimony. He was not in a position to benefit from his testimony in the instant case. The trial court prevented cross-examination as to his actual sentence and his possible sentence. As to the witness Steible, he gave Williams testimony on the issue of identification. He was not used in the first trial. His knowledge became known to the state subsequent to the first trial and prior to the reversal of the conviction thereof. It was brought out before the jury that he had been given immunity for some of the crimes, which the appellant allegedly participated in, along with other crimes. Counsel was prohibited from going into these matters and also the question of whether or not the witness was an informant.
The evidence in this case clearly pointed to the appellant as one of the perpetrators of the crime. His father’s car was utilized, and it was identified both as to color and license number. The appellant had permission to use the car and his fingerprints were found on the stolen truck. There was no evidence that he could have had any opportunity for his fingerprints to get on the truck except as a participant in the crime. His father’s gun was missing, and the gun used in the homicide was of the same make and type as the father’s gun. Therefore, considering all the factors, we find that the trial court did not abuse its discretion in limiting the cross-examination as to the witness Adderly. As to the witness, Steible, if error did occur it was at most harmless on this record. Knight v. State, 394 So.2d 997 (Fla.1981); Sloan v. State, 427 So.2d 808 (Fla. 4th DCA 1983); Section 924.33 Florida Statutes (1985). Therefore, for the reasons stated, the judgment, conviction and sentence be and they are hereby affirmed.
Affirmed.